UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Aryan Mathis, individually and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br><br><br><br><br><br>   -v.-<br><br>Allied Interstate LLC, LVNV Funding LLC and John Does 1-25,<br><br>                          Defendants. | Civil Action No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Aryan Mathis (hereinafter, "Plaintiff"), a Florida resident, brings this Class Action Complaint by and through her attorneys, Zeig Law Firm, LLC against Defendant Allied Interstate LLC (hereinafter "Defendant Allied") and Defendant LVNV Funding LLC (hereinafter "Defendant LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal

1

bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id*. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Florida consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Florida, County of Hillsborough, residing at 20560 Colonial Isle Drive, Unit 203, Tampa, FL 33647.

8. Defendant Allied is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served upon their registered agent, C T Corporation System at 1200 South Pine Island Road, Plantation, FL 33324.

9. Upon information and belief, Defendant Allied is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served upon their registered agent, Corporation Service Company at 1201 Hays Street, Tallahassee, FL 32301.

11. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

   a. all individuals with addresses in the State of Florida;

    b. to whom Defendant Allied sent an initial collection letter attempting to collect a consumer debt;

    c. containing the notices (the G-Notice) required in an initial communication by 15 U.S.C. § 1692g(a);

    d. and then subsequently sent a second letter containing the notices (the G-Notice) required in an initial communication by 15 U.S.C. § 1692g(a);

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which are common issues that predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A and Exhibit B, violate 15 U.S.C. §§ 1692e.

18. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff

nor her attorneys have any interests, which might cause them to not vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

  b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A and Exhibit B violate 15 § l692e.

  c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

  d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e.  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because the individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22.    Plaintiff repeats, reiterates and incorporates the allegations contained in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

23.    Some time prior to March 21, 2019, an obligation was allegedly incurred to Credit One Bank, N.A.

24.    The Credit One Bank, N.A. obligation arose out of a transaction involving a debt incurred by Plaintiff with Credit One Bank, N.A. which Plaintiff incurred primarily for personal, family or household purposes.

25.    The alleged Credit One Bank, N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. Credit One Bank, N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. On a date better known to Defendants, Credit One Bank, N.A. sold the debt to Defendant LVNV who contracted with Defendant Allied to collect the alleged debt.

28. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – March 21, 2019 and June 2, 2019 Collection Letters*

29. On or about March 21, 2019, Defendants sent Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Credit One Bank, N.A.  The Letter is attached hereto as Exhibit A.

30. Defendants' March 21, 2019 letter was Defendants' initial communication with Plaintiff with respect to the debt.

31. Defendant's March 21, 2019 letter contained the notices (the G-Notice) required in an initial communication by 15 U.S.C. § 1692g(a).

32. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated June 2, 2019. A true and correct copy of Defendant's June 2, 2019 letter is attached to this complaint as Exhibit B.

33. Defendant's June 2, 2019 letter contained another statement of the notices required in an initial communication by 15 U.S.C. § 1692g(a).

34. Among the rights provided by 15 U.S.C. § 1692g(a) is a 30-day period from the consumer's receipt of the initial communication in which the consumer may dispute the debt or request verification.

35. The consumer must dispute the debt within 30 days from their receipt of the initial communication in order for the FDCPA to require the debt collector to obtain and send the consumer verification prior to continuing collection efforts.

36. If the consumer disputes the debt after the 30-day period from the initial communication has expired, the debt collector is not required to send the consumer verification.

37. By stating that the consumer has an additional 30-day period in which he or she may dispute the debt, which is not accurate per the 15 U.S.C. § 1692g(a), Defendants' June 2, 2019 letter is misleading or may confuse the consumer as to his or her rights

38. As a result of Defendants' deceptive misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendant violated said section by:

   a. Making a false and misleading representation in violation of §1692e(10).

43. Due to the fact that Defendant's conduct violated Section 1692e et seq. of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

44. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Aryan Mathis, individually and on behalf of all others similarly situated, demands judgment from Defendant Allied and Defendant LVNV as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

**ZEIG LAW FIRM, LLC**

*/s/ Justin Zeig*
Justin Zeig, Esq.
FL Bar No. 112306
3475 Sheridan Street, Suite 310
Hollywood, FL 33021
Telephone: 754-217-3084
Fax: 954-272-7807
justin@zeiglawfirm.com
*Attorneys for Plaintiff*