UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARYAN MATHIS,

    Plaintiff,

v.                         Case No.: 8:20-cv-591-T-33SPF

ALLIED INTERSTATE LLC,
LVNV FUNDING LLC,
and JOHN DOES 1-25,

    Defendants.

_____/

**ORDER**

This cause comes before the Court pursuant to the Motion to Dismiss with Prejudice filed by Defendants Allied Interstate LLC and LVNV Funding LLC on April 16, 2020. (Doc. # 13). Plaintiff Aryan Mathis responded on May 28, 2020. (Doc. # 27). Defendants filed a reply on June 8, 2020. (Doc. # 32). For the reasons detailed below, the Motion is granted.

**I.  Background**

On March 12, 2020, Mathis initiated this putative class action lawsuit against Defendants for violations of the Fair Debt Collection Practices Act (FDCPA). (Doc. # 1). According to the complaint, Mathis incurred a debt to Credit One Bank, N.A. (Id. at ¶ 23). Credit One thereafter sold the debt to

1

LVNV, who contracted with Allied to collect the debt. (Id. at ¶ 27).

Defendants then sent Mathis a collection letter on March 21, 2019. (Id. at ¶ 29). The March 21 letter identified the original creditor, the current creditor, and the amount of the debt. (Doc. # 1-1). In pertinent part, the March 21 letter also contained the following language:

> Unless you notify us within 30 days after receiving this letter that you dispute the validity of this debt or any portion thereof, we will assume that this debt is valid. If you notify us in writing within 30 days after receiving this letter that you dispute the validity of this debt, or any portion thereof, we will obtain and mail to you verification of the debt or a copy of a judgment. If you request of us in writing within 30 days after receiving this letter, we will provide you with the name and address of the original creditor, if different from the current creditor.

(Id.).

In connection with the collection of the Credit One debt, Defendants sent Mathis a second letter on June 2, 2019. (Doc. # 1 at ¶ 32). The June 2 letter contained identical language pertaining to debt dispute and validation as the March 21 letter. See (Doc. # 1-2).

According to Mathis, "[b]y stating that the consumer has an additional 30-day period in which he or she may dispute the debt, which is not accurate per the [FDCPA], Defendants'

June 2, 2019 letter is misleading or may confuse the consumer as to his or her rights." (Doc. # 1 at ¶ 37). Mathis further alleges that "[a]s a result of Defendants' deceptive, misleading and false debt collection practices, [Mathis] has been damaged." (Id. at ¶ 38).

Based on these allegations, Mathis claims that Defendants have violated the FDCPA. (Id. at ¶¶ 39-43). Specifically, Mathis claims that Defendants violated 15 U.S.C. § 1692e(10). (Id. at ¶¶ 41-42).

Defendants have now filed a joint Motion to Dismiss, requesting that the complaint be dismissed with prejudice. (Doc. # 13). The Motion has been fully briefed (Doc. ## 27, 32), and is now ripe for review.

**II.  Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Generally, the Court must limit its consideration to well-pled factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

**III. Analysis**

To succeed on a claim under the FDCPA, the plaintiff must establish that (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. McCray v. Deitsch & Wright, P.A., 343 F. Supp.

4

3d 1209, 1214-15 (M.D. Fla. 2018). In this case, the parties' dispute revolves around whether Defendants engaged in an act or omission prohibited by the FDCPA.

Defendants argue that numerous district courts from within and outside of the Eleventh Circuit have rejected arguments identical to those presented by Mathis because exposing debt collectors to liability under the FDCPA for the sending of two debt validation notices would effectively punish the expansion of consumers' rights under the statute and thereby "defy the policy underpinnings of the FDCPA." (Doc. # 13 at 3, 7-10).

Mathis points to contrary case law holding that debt collectors can indeed by liable under the statute for sending two debt validation letters and urges that the Court be guided by those cases. (Doc. # 27 at 1, 7-10). Mathis maintains that the sending of a second letter, nearly identical to the first, notifying the consumer of their right to dispute the debt within 30 days is confusing and misleading to the least sophisticated consumer. (Id. at 5, 12).

The FDCPA requires a debt collector's written communications to the consumer contain certain information about the debt and the consumer's right to dispute the validity of the debt. 15 U.S.C. § 1692g(a). Relevant here,

Section 1692g(a) requires the debt collector's initial communication to the consumer inform the consumer that he or she has thirty days to dispute the validity of the debt and that, upon the consumer's written request within the thirty-day period, the debt collector will verify the debt and provide the consumer with the name and address of the original creditor. 15 U.S.C. § 1692g(a)(3)-(5). Here, neither party disputes that both letters sent by Defendants contained all of the mandatory Section 1692g(a) disclosures.

Instead, Mathis claims that Defendants violated Section 1692e(10), which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including the use of "any false representation or deceptive means to collect or attempt to collect any debt[.]" 15 U.S.C. § 1692e(10).

In the Eleventh Circuit, whether communications to a consumer run afoul of the FDCPA is typically decided under the "least sophisticated consumer" standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1177 n.11 (11th Cir. 1985) ("The question is not whether [a plaintiff] was deceived, but whether the 'least sophisticated consumer' would have been deceived."); see also Reyes v. Webcollex, LLC, No. 2:19-cv-153-FtM-29MRM, 2020 WL 619097, at *5 (M.D. Fla. Feb. 10, 2020)

(explaining that a claim under Section 1692e(10) is subject to the least sophisticated consumer standard).

Defendants are correct that district courts both within and outside of this Circuit have examined the issue of whether a debt collector's sending of two debt validation notices under Section 1692g violates Section 1692e. For example, a court within this District recently rejected an argument identical to the one raised by Mathis, noting that "[s]everal district courts, both in this circuit and others, have rejected this same contention and granted judgment as a matter of law in favor of the defendant debt collector." See McCray, 343 F. Supp. 3d at 1217-18 (collecting cases). The McCray court concluded that the two debt collection notices at issue in that case "provided the required statutory FDCPA disclosures,[,] did not diminish Plaintiff's rights to dispute the debt," and extended the 30-day period in which a consumer could dispute a debt. Id. at 1218. Therefore, the second notice did not violate Section 1692e(10). Id.

District courts in the Southern District of Florida and the Middle District of Georgia have reached the same conclusion. See Bridges v. Performant Recovery, Inc., No. 5:15-cv-38-CAR, 2015 WL 8773340, at *4 (M.D. Ga. Dec. 14, 2015) (holding debt collector did not violate Section

7

1692e(10) by sending debtor two identical notices containing thirty-day validation notice); Gesten v. Phelan Hallinan, PLC, 57 F. Supp. 3d 1381, 1386-87 (S.D. Fla. 2014) ("Defendant's second letter is not inconsistent with the thirty-day period that the FDCPA allows Plaintiff to dispute the debt. If anything, the second letter grants Plaintiff *additional* time to do so[.] . . . Each letter states that Plaintiff may dispute the debt within thirty days of his receipt of *that* letter. There is no evidence that Defendant would not have honored this deadline. Defendant's required notice was therefore not overshadowed or contradicted. Instead it was expanded and emphasized."). What's more, these cases follow the "majority – and current trend – of courts confronted with the issue of sequential letters [that all] agree that a debt collector does not violate the FDCPA by sending two debt collection letters with 30-day validation notices more than 30 days apart." Ortiz v. Enhanced Recovery Co., LLC, No. 3:18-CV-1347-D, 2019 WL 2410081, at *3 (N.D. Tex. June 6, 2019).

Most of the cases relied on by Mathis are distinguishable. For example, both Norton v. Wilshire Credit Corp., 1997 WL 33835145 (D.N.J. July 15, 1997), and Adams v. Law Offices of Stuckert & Yates, 926 F. Supp. 521 (E.D. Pa.

8

1996), involved successive debt collection letters that contained other FDCPA infirmities, e.g., statements that the debt collector would take legal action within 15 days and demands for immediate payment. More recent opinions — including one in the same court that decided Norton — have declined to follow the reasoning of Norton and Adams. See Curry v. AR Resources, Inc., No. 16-517 (RMB/KMW), 2016 WL 8674254 at *3-4 (D.N.J. Nov. 4, 2016) (explaining that Norton and Adams are "distinguishable or unpersuasive," in part because they involved debt collection letters that were "laden with problematic language"); see also Gesten, 57 F. Supp. 3d at 1387 ("The Court . . . does not find Adams persuasive.").

One case that Mathis cites, Christopher v. RJM Acquisitions LLC, 2015 WL 437541 (D. Ariz. Feb. 3, 2015), is on point and in Mathis's favor. But the Court is convinced from its review of the case law that Christopher is an outlier and against the greater weight of authority. In Christopher, a debtor was sent two letters with 30-day validation notices more than 30 days apart. Christopher suggested that "[t]he unsophisticated debtor might have a lot of questions when he or she receives the second letter" and found a violation of § 1692e(10) as a matter of law. 2015 WL 437541, at *8.

The Court also notes that Christopher is at odds with other district court cases, such as Curry and Young v. G.L.A. Collection Co., No. 1:11-cv-489-WTL-MJD, 2011 WL 6016650 (S.D. Ind. Dec. 1, 2011), that explain that "simple 'confusion' in the colloquial sense is not legal 'confusion' as contemplated in the FDCPA." Curry, 2016 WL 8674254, at *5 (quoting Young, 2011 WL 6016650, at *2); see also Young, 2011 WL 6016650, at *3 ("Receipt of the second notice, prescribing a second 30-day period for validation, does not in any way hamper the unsophisticated debtor's exercise of her right to request validation of the debt. . . . [A]n unsophisticated debtor's confusion for its sake will not suffice."). The Court finds the reasoning of cases like Curry and Young to be more persuasive and applicable than Christopher because Curry and Young recognize that a debtor's potential "litany of questions" alone "does not amount to liability under the FDCPA." Curry, 2016 WL 8674254, at *5 ("Put directly, this Court does not agree with Ms. Curry that the least sophisticated debtor would be confused to the detriment of her rights under the FDCPA by the receipt of a second letter that contains a 30-day validation notice.").

That leaves Mathis's contention – raised for the first time in the response to the Motion – that "Defendants never

10

had any intention of granting an additional 30 days to dispute the debt." (Doc. # 27 at 2, 12). The problem with this argument is that Mathis does not raise this theory of liability anywhere in the complaint. Anticipating this outcome, Mathis has requested leave to amend the complaint to add this new theory of liability.[1] (Doc. # 27 at 15-16).

For their part, Defendants argue that because Mathis never disputed the debt within the initial 30-day time frame, Mathis's new theory is purely hypothetical. (Doc. # 32 at 5-6). The Court agrees. As another Florida district court has reasoned in a similar case:

> Plaintiff argues that a hypothetical debtor who has received a demand letter such as the one Plaintiff received in the instant case may attempt to exercise her statutory rights after the 30-day period afforded by the FDCPA, but within the 45-day period afforded by the debt collector in its demand letter, only to find that the debt collector refuses to honor the extension of time offered in its demand letter. In such a case, Plaintiff argues, the conclusion that a debt collector has not violated the FDCPA by stating in the demand letter that the debtor had 45 days within which to exercise her statutory rights leaves that debtor

---

[1] While Mathis asserts in the response that this new theory of liability is sufficient grounds for "FCRA liability," (Doc. # 27 at 15), a review of the response as a whole indicates that Mathis wishes to amend her claims within the FDCPA, asserting a claim under Section 1692e(5) and/or 1692e(10). (Id. at 13-14). Regardless of which claim Mathis wishes to assert, however, the Court determines that amendment would be futile.

11

> without any legal remedy. While such a case does indeed raise serious concerns, the Court notes that this hypothetical situation is not before the Court in the instant case. Any such concerns arising from facts that are not presently before the Court are for another case and should not be addressed by this Court in this case.

Greig v. Backer Aboud Poliakoff & Foelster, LLP, No. 9:16-CV-81316, 2017 WL 57026, at *6 (S.D. Fla. Jan. 5, 2017) (holding that debt collector's letter offering debtor 45 days, instead of 30, to dispute a debt did not violate the FDCPA).

While leave to amend ought generally to be freely granted, leave to amend need not be granted when any amendment would be futile. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1133 (11th Cir. 2019). The clear weight of authority, in this Circuit and without, is that claims such as the one Mathis seeks to bring are not actionable under the FDCPA and ought to be dismissed without further leave to amend. See McCray, 343 F. Supp. 3d at 1218 (granting judgment to the defendant as a matter of law on Section 1692e(10) claim); Greig, 2017 WL 57026, at *6 (dismissing Section 1692e(10) claim with prejudice); Bridges, 2015 WL 8773340, at *4 (granting defendant's motion for judgment on the pleadings and dismissing the action with prejudice); Young, 2011 WL

6016650, at *3 (granting defendant's motion for judgment on the pleadings).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Motion to Dismiss with Prejudice filed by Defendants Allied Interstate LLC and LVNV Funding LLC (Doc. # 13) is **GRANTED**. The complaint is **DISMISSED WITH PREJUDICE.**

(2) The Clerk is directed to terminate any pending motions and deadlines and thereafter **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of June, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE